IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT BLUM,

        Plaintiff,                          No. CIV S-04-911 KJM

    vs.

JO ANNE B. BARNHART,
Commissioner of Social Security,

        Defendant.                       ORDER

_____/

        Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying an application for Disability Income Benefits ("DIB") under Title II of the Social Security Act ("Act"). For the reasons discussed below, the court will grant plaintiff's alternative motion for remand and deny the Commissioner's cross-motion for summary judgment.

/////

/////

/////

/////

/////

1

I. Factual and Procedural Background

In a decision dated December 24, 2002, the ALJ determined plaintiff was not disabled.[1] The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. The ALJ found plaintiff has severe bilateral shoulder injuries, but plaintiff has no impairment or combination of impairments listed in or equivalent to a listed impairment; plaintiff is not credible; plaintiff cannot perform his past relevant work; plaintiff can perform the full range of light work; and using grid rules 202.14 and 202.15, plaintiff is not disabled. Administrative Transcript ("AT") 30-31. Plaintiff contends substantial evidence does not support the residual functional capacity finding, the ALJ

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. See 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

1  improperly discredited plaintiff, and the Commissioner failed to establish there was other work in
2  the national economy that plaintiff can perform.
3  II. <u>Standard of Review</u>
4          The court reviews the Commissioner's decision to determine whether (1) it is
5  based on proper legal standards under 42 U.S.C. § 405(g), and (2) substantial evidence in the
6  record as a whole supports it.  <u>Copeland v. Bowen</u>, 861 F.2d 536, 538 (9th Cir. 1988) (citing
7  <u>Desrosiers v. Secretary of Health and Human Services</u>, 846 F.2d 573, 575-76 (9th Cir. 1988)).
8  Substantial evidence means more than a mere scintilla of evidence, but less than a
9  preponderance.  <u>Saelee v. Chater</u>, 94 F.3d 520, 521 (9th Cir. 1996) (citing <u>Sorenson v.</u>
10 <u>Weinberger</u>, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975)).  "It means such relevant evidence as a
11 reasonable mind might accept as adequate to support a conclusion."  <u>Richardson v. Perales</u>, 402
12 U.S. 389, 402, 91 S. Ct. 1420 (1971) (quoting <u>Consolidated Edison Co. v. N.L.R.B.</u>, 305 U.S.
13 197, 229, 59 S. Ct. 206 (1938)).  The record as a whole must be considered, <u>Howard v. Heckler</u>,
14 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that
15 detracts from the ALJ's conclusion weighed.  <u>See</u> <u>Jones v. Heckler</u>, 760 F.2d 993, 995 (9th Cir.
16 1985).  The court may not affirm the ALJ's decision simply by isolating a specific quantum of
17 supporting evidence.  <u>Id</u>.; <u>see</u> <u>also</u> <u>Hammock v. Bowen</u>, 879 F.2d 498, 501 (9th Cir. 1989).  If
18 substantial evidence supports the administrative findings, or if there is conflicting evidence
19 supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, <u>see</u>
20 <u>Sprague v. Bowen</u>, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an
21 improper legal standard was applied in weighing the evidence, <u>see</u> <u>Burkhart v. Bowen</u>, 856 F.2d
22 1335, 1338 (9th Cir. 1988).
23 III. <u>Analysis</u>
24    A.  Residual Functional Capacity
25         The ALJ found plaintiff retains the residual functional capacity to perform the full
26 range of light work.  AT 31.  Plaintiff contends this finding is not supported by substantial

1  evidence.  Social Security Ruling 96-8p sets forth the policy interpretation of the Commissioner
2  for assessing residual functional capacity.  SSR 96-8p.  Residual functional capacity is what a
3  person "can still do despite [the individual's] limitations." 20 C.F.R. §§ 404.1545(a), 416.945(a)
4  (2003); see also Valencia v. Heckler, 751 F.2d 1082, 1085 (9th Cir. 1985) (residual functional
5  capacity reflects current "physical and mental capabilities").

6        At issue in this case is plaintiff's residual functional capacity during a closed
7  period, from the alleged onset of disability, July 15, 1997 until July 1999, when plaintiff returned
8  to work.  AT 25, 109, 112, 423.  Plaintiff asserts the ALJ improperly rejected the opinions of two
9  state agency physicians that plaintiff was limited to less than the full range of sedentary work in
10  finding plaintiff could perform a full range of light work.  Plaintiff's assertion is well taken.

11        This matter was remanded by the Appeals Council in part for discussion of the
12  state agency opinions in light of SSR 96-6p.  AT 73-74.  The ALJ utterly failed in this task.
13  The ALJ rejected the opinions of the state agency physicians as contrary to the ALJ's
14  "prefer[ence]" to rely on the functional capacity assessment performed in March 1999.  AT 28,
15  316-317.  Such a statement does not meet the ALJ's burden of properly considering the state
16  agency opinions.  See 20 C.F.R. § 404.1527(f).  Nor did the ALJ properly characterize these
17  opinions, because the limitations imposed by the state agency physicians are consistent only with
18  sedentary work,[2] not with a capacity that "lay between" sedentary and light as suggested by the
19  ALJ.  AT 28, 149-156, 291-298.  The ALJ also does not explain why the reaching limitations and
20  other nonexertional limitations found by these physicians were not incorporated into the residual

---

[2] "Sedentary work" is defined by 20 C.F.R. § 404.1567(a)(1996) as follows:

> Sedentary work involves lifting no more than 10 pounds at a time
> and occasionally lifting or carrying articles like docket files,
> ledgers, and small tools.  Although a sedentary job is defined as
> one which involves sitting, a certain amount of walking and
> standing is often necessary in carrying out job duties.  Jobs are
> sedentary if walking and standing are required occasionally and
> other sedentary criteria are met.

functional capacity finding.  The physicians' opinions addressed plaintiff's condition during the relevant time period and were improperly rejected by the ALJ.  Because this matter previously has been remanded by the Appeals Council for specific findings on the state agency opinions that plaintiff was limited to sedentary work, the opinions will be accepted as establishing plaintiff was limited to sedentary work with the nonexertional impairments found by the state agency physicians, at least up until the time of the March 1999 functional capacity assessment.  See Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995) (where ALJ fails to provide adequate reasons for rejecting the opinion of a treating or examining physician, court credits opinion as a matter of law).

    B.  Credibility

Plaintiff contends the ALJ improperly assessed his credibility.  The ALJ determines whether a disability applicant is credible, and the court defers to the ALJ's discretion if the ALJ used the proper process and provided proper reasons.  See, e.g., Saelee v. Chater, 94 F.3d 520, 522 (9th Cir. 1995).  If credibility is critical, the ALJ must make an explicit credibility finding.  Albalos v. Sullivan, 907 F.2d 871, 873-74 (9th Cir. 1990); Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990) (requiring explicit credibility finding to be supported by "a specific, cogent reason for the disbelief").

In evaluating whether subjective complaints are credible, the ALJ should first consider objective medical evidence and then consider other factors.  Bunnell v. Sullivan, 947 F.2d 341, 344 (9th Cir.1991) (en banc).  If there is objective medical evidence of an impairment, the ALJ then may consider the nature of the symptoms alleged, including aggravating factors, medication, treatment, and functional restrictions.  See id. at 345-47.  The ALJ also may consider: (1) the applicant's reputation for truthfulness, prior inconsistent statements or other inconsistent testimony, (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment, and (3) the applicant's daily activities.  Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996); see generally SSR 96-7P, 61 FR 34483-01; SSR

95-5P, 60 FR 55406-01; SSR 88-13. Work records, physician and third party testimony about nature, severity, and effect of symptoms, and inconsistencies between testimony and conduct also may be relevant. Light v. Social Security Administration, 119 F.3d 789, 792 (9th Cir. 1997). A failure to seek treatment for an allegedly debilitating medical problem may be a valid consideration by the ALJ in determining whether the alleged associated pain is not a significant nonexertional impairment. See Flaten v. Secretary of HHS, 44 F.3d 1453, 1464 (9th Cir. 1995). The ALJ may rely, in part, on his or her own observations, see Quang Van Han v. Bowen, 882 F.2d 1453, 1458 (9th Cir. 1989), which cannot substitute for medical diagnosis. Marcia v. Sullivan, 900 F.2d 172, 177 n.6 (9th Cir. 1990). "Without affirmative evidence showing that the claimant is malingering, the Commissioner's reasons for rejecting the claimant's testimony must be clear and convincing." Morgan v. Commissioner of Social Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999).

        Plaintiff contends his testimony regarding his limitations at the time of the hearing in July 2002 is irrelevant to the issue of what his limitations were during the closed period at issue here and that the ALJ did not properly assess plaintiff's credibility. Plaintiff is correct; his contention, however, does not advance his cause. In 2002, plaintiff testified only with respect to his current limitations, even under examination by his own attorney. AT 426-434. Although the reasons given by the ALJ[3] for finding plaintiff not wholly credible are inadequate under the standards set forth above, such error is harmless given there is no testimony from the 2002 hearing to assess pertaining to limitations during the relevant time period. See Curry v. Sullivan, 925 F.2d 1127, 1129 (9th Cir. 1990) (harmless error analysis applicable in judicial review of Social Security cases). The record, however, does contain the transcript of plaintiff's testimony

/////

---

[3] In the discussion of plaintiff's credibility, the ALJ set forth the appropriate factors to consider and summarized plaintiff's testimony. AT 27. The assessment of plaintiff's credibility, however, pertained only to plaintiff's testimony from the 2002 hearing that he was currently experiencing difficulty in walking, an impairment not at issue here.

in 1999, covering the period at issue. AT 407-412. On remand, the ALJ should assess plaintiff's credibility with respect to this testimony.

C.  Grids/Vocational Testimony

Plaintiff asserts the ALJ committed error in relying on the grids to establish there is other work in the national economy that plaintiff can perform. The Medical-Vocational Guidelines ("the grids") are in table form. The tables present various combinations of factors the ALJ must consider in determining whether other work is available. See generally Desrosiers, 846 F.2d at 577-78 (Pregerson, J., concurring). The factors include residual functional capacity, age, education, and work experience. For each combination, the grids direct a finding of either "disabled" or "not disabled."

There are limits on using the grids, an administrative tool to resolve individual claims that fall into standardized patterns: "[T]he ALJ may apply [the grids] in lieu of taking the testimony of a vocational expert only when the grids accurately and completely describe the claimant's abilities and limitations." Jones v. Heckler, 760 F.2d 993, 998 (9th Cir. 1985); see also Heckler v. Campbell, 461 U.S. 458, 462 n.5, 103 S. Ct. 1952, 1955 n.5 (1983). The ALJ may rely on the grids, however, even when a claimant has combined exertional and nonexertional limitations, if nonexertional limitations are not so significant as to impact the claimant's exertional capabilities.[4] Bates v. Sullivan, 894 F.2d 1059, 1063 (9th Cir. 1990), overruled on other grounds, Bunnell v. Sullivan, 947 F.2d 341 (9th Cir. 1991) (en banc); Polny v. Bowen, 864

/////

---

[4] Exertional capabilities are the "primary strength activities" of sitting, standing, walking, lifting, carrying, pushing, or pulling. 20 C.F.R. § 416.969a (b) (2003); SSR 83-10, Glossary; compare Cooper v. Sullivan, 880 F.2d 1152, 1155 n. 6 (9th Cir.1989).
Non-exertional activities include mental, sensory, postural, manipulative and environmental matters that do not directly affect the primary strength activities. 20 C.F.R. § 416.969a (c) (2003); SSR 83-10, Glossary; Cooper, 880 F.2d at 1155 & n. 7 (citing 20 C.F.R. pt. 404, subpt. P, app. 2, § 200.00(e)). "If a claimant has an impairment that limits his or her ability to work without directly affecting his or her strength, the claimant is said to have nonexertional (not strength-related) limitations that are not covered by the grids." Penny v. Sullivan, 2 F.3d 953, 958 (9th Cir. 1993) (citing 20 C.F.R., pt. 404, subpt. P, app. 2 § 200.00(d), (e)).

F.2d 661, 663-64 (9th Cir. 1988); see also Odle v. Heckler, 707 F.2d 439 (9th Cir. 1983) (requiring significant limitation on exertional capabilities in order to depart from the grids).

The ALJ used grid rules 202.14 and 202.15 in finding plaintiff was not disabled. AT 31. These rules apply to a light residual functional capacity. Given the error in the residual functional capacity discussed above, reliance on these rules also was error. Moreover, the applicable category for the period at issue is "younger individual age 45-49."[5] Because plaintiff was limited to a sedentary capacity for at least part of the period at issue, the applicable rule is 201.21 (sedentary, younger individual age 45-49, high school graduate, skills not transferable).[6] If plaintiff were capable of performing the full range of sedentary work, this rule would direct a conclusion plaintiff is not disabled. However, both state agency physicians found plaintiff was limited in overhead reaching. AT 156, 298. The regulations note that eighty-five percent of the unskilled sedentary jobs "are in the machine trades[7] and benchwork[8] occupational categories."

---

[5] Plaintiff's date of birth is October 22, 1950. AT 422. During the relevant time period of July 1997 to July 1999, plaintiff's age fell within the "younger individual" category. See 20 C.F.R. pt. 404, subpt. P, app. 2, rule 201.00 (h)(1).

[6] The ALJ found plaintiff has no transferable skills. AT 30.

[7] The United States Dept. of Labor, Employment & Training Admin., Dictionary of Occupational Titles (4th ed. 1991) ("DOT") is routinely relied on by the Social Security Administration "in determining the skill level of a claimant's past work, and in evaluating whether the claimant is able to perform other work in the national economy." Terry v. Sullivan, 903 F.2d 1273, 1276 (9th Cir. 1990). The DOT classifies jobs by their exertional and skill requirements. The DOT is a primary source of reliable job information for the Commissioner. 20 C.F.R. § 404.1566(d)(1).
The DOT notes the category of machine trades "includes occupations concerned with the operation of machines that cut, bore, mill, abrade, print, and similarly work such materials as metal, paper, wood, plastics, and stone. A worker's relationship to the machine is of primary importance. The more complicated jobs require an understanding of machine functions, blueprint reading, making mathematical computations, and exercising judgment to attain conformance to specifications. In less complicated jobs, eye and hand coordination may be the most significant factor. Installation, assembly, repair, and maintenance of machines and mechanical equipment and weaving, knitting, spinning, and similarly working textiles are included." DOT, 6, Machine Trades Occupations.

[8] Benchwork includes "occupations concerned with the use of body members, handtools, and bench machines to fit, grind, carve, mold, paint, sew, assemble, inspect, repair, and similarly

8

1  20 C.F.R. pt. 404, subpt. P, app. 2, rule 201.00(a).  It appears from the definitions of these

2  occupational categories that overhead reaching may be involved in some of the jobs

3  administratively noticed by this grid rule.  Remand therefore is appropriate so that the testimony

4  of a vocational expert may be taken.[9]

5          For the foregoing reasons, this matter will be remanded under sentence four of 42

6  U.S.C. § 405(g) so that the testimony of a vocational expert may be obtained and for further

7  findings addressing the deficiencies noted above.

8          Accordingly, IT IS HEREBY ORDERED that:

9          1.  Plaintiff's alternative motion for remand is granted;

10          2.  The Commissioner's cross-motion for summary judgment is denied; and

11          3.  This matter is remanded for further proceedings consistent with this order.

12  DATED:  September 27, 2005.

                          UNITED STATES MAGISTRATE JUDGE

006
blum.ss

---

work relatively small objects and materials, such as jewelry, phonographs, light bulbs, musical instruments, tires, footwear, pottery, and garments. The work is usually performed at a set position in a mill, plant, or shop, at a bench, worktable, or conveyor. At the more complex levels, workers frequently read blueprints, follow patterns, use a variety of handtools, and assume responsibility for meeting standards. Workers at the less complex levels are required to follow standardized procedures." DOT, 7, Benchwork Occupations.

[9] Plaintiff contends the ALJ also committed error because the testimony of the vocational expert was inconsistent with the DOT.  The ALJ did not rely on the testimony of the vocational expert.  AT 29-30.  For purposes of remand, however, the court notes the DOT definitions have presumptive weight that can be rebutted only by persuasive record evidence.  See Johnson v. Shalala, 60 F.3d 1428, 1435-36 (9th Cir.1995); see also SSR 00-4p.